Nicholas M. Wajda (Cal. Bar No. 259178)
**WAJDA LAW GROUP, APC**
6167 Bristol Parkway
Suite 200
Culver City, California 90230
+1 310-997-0471
nick@wajdalawgroup.com

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FELIMON J. SANTORCE II, <br><br> Plaintiff, <br><br> v. <br><br> FIRSTSOURCE ADVANTAGE, LLC <br><br> Defendant. | Case No. 2:22-cv-02028 <br><br> **COMPLAINT FOR DAMAGES** <br><br> **1. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.*** <br><br> **2. VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 *et seq.*** <br><br> JURY TRIAL DEMANDED |

**NOW COMES** Plaintiff, FELIMON J. SANTORCE II, by and through his undersigned counsel, complaining of Defendant, FIRST SOURCE ADVANTAGE, LLC., as follows:

**NATURE OF THE ACTION**

1.      This action seeks redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq.* and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et. seq.*

**JURISDICTION AND VENUE**

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

4.      Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

**PARTIES**

5.     FELIMON J. SANTORCE II ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in this federal jurisdiction.

6.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7.     Plaintiff is a "consumer" as defined by Cal. Civ. Code § 1788.2(h).

8.     FIRST SOURCE ADVANTAGE, LLC ("Defendant") is a limited liability company that maintains a principal place of business in New York.

9.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because the principal purpose of Defendant's business is the collection of debt owed to others.

10.     Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

11.     At some point in time, Plaintiff received services for a vehicle that he was using for personal purposes.

12.     Sometime in late 2020, early 2021 Plaintiff started receiving unwanted collection calls from Defendant in regards to the services that Plaintiff obtained.

13.     Plaintiff advised Defendant that he did not know who Defendant was and that he does not have any debts.

14.     Finally, Plaintiff requested that Defendant stop contacting him.

15.     Unfortunately, Defendant continued to contact Plaintiff with unwanted and unconsented collections calls.

16.     Defendant's calls stopped for a short while; however, Defendant yet again started placing unwanted and unconsented to collection calls to Plaintiff regarding the subject debt without Plaintiff's consent.

17.     Since Plaintiff requested that the phone calls cease, Defendant has placed numerous collection calls to Plaintiff.

18.     Upon information and belief, Defendant has placed no less than 20 unwanted and unconsented to collection calls to Plaintiff.

19.     Plaintiff felt helpless to stop Defendants collection call campaign, and its disregard for providing Plaintiff with the basic validation documents that he requested.

20.     Defendant has contacted Plaintiff from numbers including, but not limited to, 866-697-4096.

21.     Concerned with having had his rights violated, Plaintiff was forced to retain counsel; therefore, expending time and incurring attorney's fees to vindicate his rights.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

22.     All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**a.  Violation(s) of 15 U.S.C. § 1692c**

23.     Section 1692c(a) of the FDCPA provides:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt-

> (1)     at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. . .
> 15 U.S.C. § 1692c(a)(1).

24.     Defendant violated 15 U.S.C. § 1692c(a)(1) by placing phone calls to Plaintiff's cell phone after Plaintiff requested that the phone calls cease.

25.     Specifically, after Plaintiff requested that the phone calls cease, any time that Defendant called Plaintiff was an inconvenient time.

### b.  Violations of FDCPA §1692d

26.     Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

27.     Section 1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

28.     Defendant violated §§ 1692d and d(5) when it placed numerous collection calls after Plaintiff requested the calls cease in an attempt to collect the subject debt after Plaintiff requested that the phone calls cease.

29.     Defendant's behavior of systematically calling Plaintiff's cellular phone number in an attempt to collect the subject debt was harassing and abusive.

30.     The fact that Defendant knowingly placed calls to Plaintiff after Plaintiff made requests that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

### c.  Violations of FDCPA §§1692e and 1692f

31.     Pursuant to §1692f of the FDCPA, a debt collector is prohibited from using "unfair or unconscionable means to collect or attempt to collect any debt."

32.     Defendant violated §1692f by employing unfair and unconscionable means to attempt to collect on a debt that Plaintiff stated that he did not owe.

33.     Pursuant to §1692e of the FDCPA, a debtor collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt.

4

34.     Defendant violated §1692e by falsely representing that Plaintiff owed the subject debt.

**WHEREFORE**, Plaintiff, FELIMON J. SANTORCE II, requests the following relief:

A.      Declaring that the practices complained of herein are unlawful and violate the FDCPA;

B.      an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C.      an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D.      an award of attorney's fees and costs; and

E.      an award of such other relief as this Court deems just and proper.

## COUNT II

### Violations of §1788.17 of the RFDCPA

35.     Plaintiff restates and incorporates all paragraphs as if fully set forth herein.

36.     California Civil Code § 1788.17 provides:

Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j [of the FDCPA], inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

37.     As stated above, Defendant violated various sections of 15 U.S.C. § 1692, therefore violating Cal. Civ. Code § 1788.17.

**WHEREFORE**, Plaintiff, FELIMON J. SANTORCE II, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.      Declaring that the practices complained of herein are unlawful and violate the RFDCPA;

b.      Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying RFDCPA violations;

c.      Awarding the Plaintiff costs and reasonable attorney fees; and

d.      Awarding any other relief as the Honorable Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

DATED: March 28, 2022                                  Respectfully submitted,

FELIMON J. SANTORCE II

By: */s/ Nicholas M. Wajda*
Nicholas M. Wajda (Cal. Bar
No. 259178)
**WAJDA LAW GROUP, APC**
6167 Bristol Parkway
Suite 200
Culver City, California 90230
+1 310-997-0471
nick@wajdalawgroup.com